This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Rudolph Bilder, appeals the decision of the Akron Municipal Court, which found him guilty of public indecency. This Court affirms.
 I. {¶ 2} On August 1, 2002, Officers Alexander and Best of the Akron Police Department were dispatched to investigate a call concerning a citizen complaint of a man masturbating in an Akron area park. They were given descriptions of the suspect's vehicle by the dispatcher. Upon arrival, the officers noticed a playground area where several women were sitting and children were playing baseball in nearby baseball diamonds. The officers found the suspect vehicle parked, facing the baseball field, with appellant sitting partially out of the driver's side of the vehicle. As they approached appellant, the officers observed that he was wearing only ragged shorts and his genitalia were exposed such that the officers saw them from several feet away. Appellant was fiddling with the crotch area of his shorts when the officers confronted him. After talking with appellant, the officers arrested him and towed his vehicle. Appellant was charged with public indecency, in violation of Akron City Code Section 133.06.[1]
 {¶ 3} On August 7, 2002, appellant entered a plea of not guilty to the charge. The case proceeded to trial on August 20, 2002. The trial court found appellant guilty of public indecency, fined him $500.00, and sentenced him to 90 days in Summit County Jail. The court credited the nineteen days appellant had already served in jail toward his fine and court costs, leaving 71 days of his sentence to complete.
 {¶ 4} Appellant timely appealed and this Court denied his motion to stay sentence pending appeal. Appellant sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY THE EVIDENCE."
 {¶ 5} In his sole assignment of error, appellant argues that the trial court's judgment is against the manifest weight of the evidence. This Court disagrees.
 {¶ 6} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
 "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 7} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 8} Akron City Code Section 133.06(A)(3) provides that "[n]o person shall knowingly or intentionally, in a public place[, a]ppear in a state of nudity[.]" In this case, appellant argues the City of Akron ("the City") did not provide any evidence that he violated this code section.
 {¶ 9} The City presented the two arresting officers' testimony at trial concerning the incident and subsequent arrest of appellant. Officer Alexander testified that he and his partner, Officer Best, were dispatched to a park on Clinton Street to investigate a call to the police concerning a suspicious person thought to be masturbating in the parking lot. Officer Alexander testified that they drove through the park looking for the vehicle the dispatcher described to them and found appellant's vehicle. He testified that the vehicle was parked near a playground area, where four women were sitting, and faced two baseball diamonds, where teams of children were playing baseball.
 {¶ 10} As the officers approached appellant's parked vehicle, Officer Alexander testified that he observed appellant "half out of the car with his car door open" and that he could see appellant's testicles "hanging out of his shorts." Officer Alexander further testified that appellant was wearing only a pair of tan shorts with a fabric flap in the front and that he noticed coffee containers, pillows, and a bottle of hand lotion inside his vehicle.
 {¶ 11} Officer Best testified that, after receiving descriptions of the suspect vehicle, they found appellant's vehicle "backed into a space in a parking lot facing the baseball field." He testified that other vehicles were in the parking lot and children were playing in the vicinity of appellant's vehicle. Officer Best testified that, as they approached appellant's vehicle, he observed that both driver's side doors were open and appellant "was sitting in there, in the driver's seat, with like I said, just his shorts on, but he was kinda fiddling, trying to cover something up, in between his legs."
 {¶ 12} Officer Best testified that, as he was walking up to appellant's vehicle, he saw his penis and testicles exposed from six feet away. When asked to describe appellant's appearance, Officer Best testified that the shorts appellant was wearing had holes throughout, with a "giant hole in the front of his pants in the crotch area." He observed a piece of t-shirt material sewn only at the waistband of appellant's shorts, not around the crotch hole that exposed appellant's genitalia. Officer Best also testified that appellant was not wearing any underwear or a shirt.
 {¶ 13} The City also admitted into evidence various photographs of appellant and his vehicle on the date of the incident, and court records involving prior cases involving appellant and public indecency charges. Given the above evidence, this Court finds appellant's argument that the City did not provide any evidence that appellant violated Akron City Code Section 133.06(A)(3) is without merit.
 {¶ 14} Appellant also challenges the credibility of the officers' testimony by arguing that the officers contradicted each other with their testimony. This Court declines to overturn appellant's conviction because the trial court believed the City's witnesses. It is well recognized that matters of credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In reviewing this case, this Court is mindful that, as the trier of fact, "the trial court is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Giurbino v.Giurbino (1993), 89 Ohio App.3d 646, 659.
 {¶ 15} In appellant's case, the trial judge, as the trier of fact, found the officers' testimony to be credible, as well as the other evidence the City provided in this case. Appellant's conviction is not against the weight of the evidence merely because there was conflicting testimony before the trial court. See State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. After reviewing the record, the only conflicting testimony between the officers involved the exact color of the vehicle they were dispatched to find and the number of doors actually open on appellant's vehicle. However, the officers' testimonies concerning their personal observations of appellant's exposed genitalia in the public park were not contradictory whatsoever. Given the above facts and law, this Court finds that appellant's conviction is not against the manifest weight of the evidence.
 III. {¶ 16} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, J. and CARR, J. CONCUR.
[1] The charge was later amended to specify Subsection (A)(3) under Section 133.06 of the code.